UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL CLENNON (#323402)

VERSUS                                          CIVIL ACTION

JAMES M. LEBLANC, ET AL                         NUMBER 08-677-JVP-DLD

RULING

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain, Trish Foster, Joshua Cain, Walter Newman, Rodrick Veals[1], and Claire Griffin. Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate in violation of his constitutional rights.

Plaintiff also filed a motion for temporary restraining order seeking an order prohibiting "the defendants Joshua Cain, Walter Newman and Rodrick Veals, and each of their officers, agents, and all persons acting in concert with them" from working any unit where the plaintiff is assigned and that each be restrained from coming within 200 feet of the plaintiff. Record document number 56. The motion is opposed.[2]

---

[1] The defendant was identified as Roderick Veal in the complaint. Plaintiff subsequently amended the complaint to identify the defendant as Rodrick Veals. Record document number 18.

[2] Record document number 57.

In order to determine whether to issue a preliminary injunction the court must consider four factors:[3]

1. the significance of the threat of irreparable harm to the plaintiff if the injunction is not granted;

2. the state of balance between this harm and the injury that granting the injunction would inflict on the defendant;

3. the probability that the plaintiff will succeed on the merits; and

4. the public interest.

It is unlikely that the plaintiff will prevail on his claims against the defendants. Any harm which may come to the plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the plaintiff prevail in this action.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

The plaintiff has not shown the exceptional circumstances needed for issuance of a temporary restraining order of the sort the plaintiff seeks. Therefore, his request for a temporary restraining order is denied.

Baton Rouge, Louisiana, October 6th, 2009.

_____
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

---

[3] Wright and Miller, <u>Federal Practice and Procedure: Civil</u>, § 2948, et seq.