UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL CLENNON (#323402)

VERSUS                                          CIVIL ACTION

JAMES M. LEBLANC, ET AL                         NUMBER 08-677-JVP-DLD

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on January 5, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHAEL CLENNON (#323402)

VERSUS                                                        CIVIL ACTION

JAMES M. LEBLANC, ET AL                                NUMBER 08-677-JVP-DLD


MAGISTRATE JUDGE'S REPORT

Before the court is the parties' cross motions for summary judgment.  Record document numbers 29, 34 and 70.  Plaintiff opposed the defendants' motion.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain, Trish Foster, Joshua Cain, Walter Newman, Rodrick Veal, and Claire Griffin.  Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate in violation of his constitutional rights.

Plaintiff moved for summary judgment relying on a statement of undisputed facts, the affidavits of the plaintiff, Maurice Harbor and Gerald Mercadel, a copy of the Cuda shower log for October 3, 2007, and a newspaper article regarding contraband at the state penitentiary.

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavits of Claire Griffin, Joshua Cain, Walter Newman, Rodrick Veal, Steve Brengettsy and Kenneth Harris, copies of Administrative Remedy Procedure ("ARP") LSP-2007-3433, LSP-2007-4035 and LSP-2008-1753,   copies of log book entries, medical records, Warden's Unusual Occurrence Reports and an Employee Counseling Documentation Form.

---

[1] Record document number 35.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Federal Rules of Civil Procedure.

**Failure to Exhaust Administrative Remedies**

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding his claims against Secretary LeBlanc, Warden Cain and Foster.

Plaintiff alleged that LeBlanc referred his emergency administrative grievance to Foster who placed it on backlog rather than addressing it promptly.  Plaintiff argued that had his administrative grievance been addressed promptly the attack on him by a fellow inmate could have been averted. Plaintiff alleged that Warden Cain failed to take reasonable steps to curtail violence at the prison and to adequately discipline his subordinates.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

(a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending.  *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).  A prisoner must exhaust his administrative remedies by complying

2

with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id*., 126 S.Ct. at 2389-90. The 42 U.S.C. § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act ("PLRA") does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id*.

In Part II C. of the complaint, the plaintiff asserted that he exhausted available administrative remedies regarding the allegations in his complaint in ARP LSP-2007-3433, LSP-2007-4035 and LSP-2008-1753.

The summary judgment evidence showed that in ARP LSP-2007-3433 the plaintiff complained that Sgts. Cain and Newman harassed him and spread rumors that he was an informant. In ARP LSP-2007-4035 the plaintiff complained that Cadet Veal acted negligently when he opened the plaintiff's cell door and allowed another inmate to enter his cell and attack him. In ARP LSP-2008-1753 the plaintiff complained that Griffin allowed a security officer to handle his medication and told inmates on the tier that it was the plaintiff's fault that she turned on all of the lights on the unit.

The summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding his claims against Secretary LeBlanc, Warden Cain and Foster.

**No Physical Injury**

Plaintiff alleged that on June 12, 2008, nurse Griffin ordered that the lights be turned on during pill call. Plaintiff alleged that Griffin told other inmates on the unit that they should blame the plaintiff for her actions. Plaintiff alleged that when he questioned her she stated that someone might want to harm him "like that dude done a while back." Plaintiff alleged that immediately afterward, other inmates threatened him.

Subsection (e) of 42 U.S.C. § 1997e provides:

> (e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the plaintiff's allegations showed that the plaintiff failed to allege that he sustained any physical injury as a result of Griffin's actions.

**Failure to Protect**

Plaintiff alleged that in October 2007, Sgt. Cain told Sgt. Newman that the plaintiff had "ratted" on him to a ranking corrections officer. Plaintiff alleged that Sgts. Cain and Newman called him names and threatened to "get" him. Plaintiff alleged that on October 4, Sgts. Cain and Newman conducted routine searches on Cuda 1-Left tier and told other inmates that their cells were being searched based on information provided by the plaintiff. Plaintiff alleged that at 5:00 a.m. on October 5, Sgt. Newman woke him and stated, "Be cool, we just started." Plaintiff alleged that he filed an emergency administrative grievance complaining that he feared he would be attacked by a fellow inmate as a result of the rumors being spread by Sgts. Cain and Newman. Plaintiff alleged that the administrative grievance was referred to the legal programs department at the prison and

it was placed on backlog by Foster.   Plaintiff alleged that he was transferred to Cuda 2-Left, where on December 4, 2007, he was attacked by inmate Jermaine Johnson after Cadet Veal opened his cell door and allowed inmate Johnson to attack him.  Plaintiff alleged that inmate Johnson lived on Cuda 1-Left tier when Sgts. Cain and Newman were spreading rumors about him.

Defendants offered a different version of events.  Defendants deny that Sgts. Cain and Newman spread rumors about the plaintiff or that Cadet Veal deliberately opened the plaintiff's cell door to allow inmate Johnson to attack him.  Defendants argued that Cadet Veal accidently opened the wrong cell, inmate Johnson entered the plaintiff's cell and the two began to fight.  Defendants argued that Cadet Veal immediately activated his beeper and ordered inmate Johnson to cease fighting and exit the plaintiff's cell.  Defendants argued that inmate Johnson complied with Cadet Veal's orders.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an  inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.  *Id*.

There are material factual issues in dispute which render summary judgment on the plaintiff's Eighth Amendment claim against Joshua Cain, Walter Newman and Rodrick Veal inappropriate.

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the plaintiff's motion for summary judgment be denied, that the defendants' motion for summary judgment be granted in part, dismissing the plaintiff's claims against James LeBlanc, Warden N. Burl Cain, Trish Foster and Claire Griffin and in all other respects the defendants' motion for summary judgment be denied and

this matter be referred back to the magistrate judge for further proceedings on the plaintiff's Eighth Amendment failure to protect claim against Joshua Cain, Walter Newman and Rodrick Veal.

Signed in Baton Rouge, Louisiana, on January 5, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**